Judge Mills
delivered the opinion.
Gabriel Collins, assignee of James Collins, brought his petition and summons on a note executed by William Far-quhar, for the payment of money, made payable and negotiable at the office of discount and deposit of the United Slates’Bank at Louisville. The note was made to James Collins, and by him assigned to the plaintiff. In defence, the defendant, after having pleaded payment, added several special pleas. In the first, he aljedges, in substance, “That prior to the date of the note, a partnership existed between him and the plaintiff, which partnership was dissolved by a written instrument, (of which profert is made), wherein the defendant agreed to collect all debts due to the firm, and the plaintiff agreed to loose half of such debts which the defendant should not be able to collect, after using due diligence for that purpose: and it was further agreed in said articles of dissolution, that the plaintiff should sell to the defendant all the stock of books, stationary, ike. belong1- *32 ing to said firm, at twelve and one half per centum advance on the cost and carriage, and that to secure the payment, the defendant should execute three negotiable notes, payable at different periods; and that he did so execute and deliver said three notes to the plaintiff, and that the note in suit is one of them, and the Iasi «ecoming doe.” He then avers “That debts created by, and due the firm, were lost, to the amount of two hundred dollars and cents, although he had used due diligence to collect them, the one half of which sum he pleads, and insists on, by way of discount to the note sued on.” In the second pica he again sets out the'same partnership in a book bindery and book store — and the articles of dissolution, of which h>- again makes proferí — the purchase of the stock, and his execution of the notes, “made and delivered to the plaintiff” two of which, he alledges, he has paid, and avers, that the one now in suit is the last. He then avers, that at the same time he executed and delivered to the plaintiff one other note, different from the first named three notes, for the sum of three hundred dollars; and that the last named note was executed for the sole and only consideration, that the plaintiff should not engage in, and carry on, in the town of Louisville, the business of selling books and stationary, or in other words, should not keep a hook store therein, so long as the defendant should continue the same business. He avers he has paid and discharged the note for three hundred dollars, and proceeds to alledge a breach of the last nomad agreement in the following words — “And said defendant says, that afterwards, to wit, on the day of January, 1819, and after the defendant had paid off and discharged said note for $300, and when and whilst said defendant was engaged, on his own account, and for his sole use, in keeping in said town, a book store, the plaintiff established, and has ever since carried on, and kept in said town, a book store, whereby he, the plaintiff, became liable, and is still liable, to repay and refund to him, said defendant, the sum of three hundred dollars; and being so liable, lie, the plaintiff, in consideration thereof, afterwards, to wit, on the day of and before the commencement of this suit, assumed upon himself, and to the defendant faithfully promised, ¡hat he wsuld pay him the said sum of three hundred dollars, whenever afterward* thereto required; which sum of $300 Hie defendant pleads end insists upon, iu discount of the plaintiff’s demand sued *33 inn.” Tbe third plea is to the /'allowing effect: “And the defendant says, that the plaintiff his action against him ought not to have and maintain, because be says that the plaintiff was, at the time the process teas sited out in this case-, and still is, indebted to him, the defendant, in the sum of three hundred dollars and five cents, for so much money before that time had and received by him, the plaintiff, to the úse and benefit of him the defendant: — and the plaintiff was abo, at the time said prooess was sued out, and still is, indebted to him, the defendant, in the further sum of one hundred and twenty-nine dollars and ninety cents, for labor bestowed, and time expended, at the special instance and request of him, the plaintiff, in collecting, for the use and benefit of him, the plaintiff, the sum of $5100, and being so therefor indebted, he, the said plaintiff. in consideration there f, afterwards, to wit, on the day of in the year in the circuit aforesaid. fore the commencement oj this suit, assumed upon himself, and to the defendant then and there faithfully promised that he* would pay him, the defendant, the aforesaid sums of money, whenever he, the plaintiff, should be thereto requested; which sums, and each of them, the defendant pleads and relies on in discount of plaintiff’s demand.”— Tbe fourth plea is the same with the second. Although the words are somewhat varied and the facts alledged in a slight degree transposed, yet, upon inspection, we discover not one fact, circumstance or averment contained in one, which is not contained and relied on in the other; so that it need not be recited. For the consideration of the second will determine the fate of that. To all the special pleasolhe plaintiff demurred, and the defendant joined in demurrer. The court below sustained that demurrer, and overruled every plea.
The defendant then withdrew the plea of payment, and judgment on nil (licit was rendered against him, and he has appealed to this court; and the questions to be decided involve the validity of these pleas.
We have not thought it necessary to notice many minor objections and mistakes in these pleas, such as three of them being directed against a note, made and delivered to the plaintiff, when the note set out and relied upon by plaintiff, was made and delivered to another, and by him assigned to the plaintiff, together with otiier defects which ttoigiu be named. ,
A plea to lx* good must aver the matter thereofso precisely as to enable the pl’tf io contest it successfully, if in his power
An unliqui-dated demand cannot be pleaded as a discount or sfct oil*.
The first plea is clearly invalid. For, without deciding the question Whether, as it arose from the breach of part of the covenant, i^ could be here pleaded, it is too vague and indefinite in not alledging and setting forth what debtswere lost, by whom due, how much from each, and how lost, so that the plaintiff might have been apprised of the defence which he was to meet, in such a manner as to enable him td contest it successfully, if in his power.
The second and fourth plea sets forth a contract by the appellee ndt to exercise a calling in Louisville, while the defendant exercised the same, avers á breach of it, on the part of the plaintiff, and assumes, as a deduction of law; that the plaintiff, on the breach, became liable to restore the money paid for the original stipulation. This legal consequence is erroneous. It does not follow that the plaintiff, by his breach of thwagreemeni not to exercise the calling in that town, became liable to restore the precise liquidated sum paid .to him for coming under this restraint. He would, no doubt, assuming the pleas as true, be liable to an action on the contract, in W'hich damages might be recovered. But these damages might be enhanced far above, or diminished far below, the three hundred dollars paid him, by a variety of circumstances. He might have so rivalled the defendant’s calling as to have destroyed it, and ruined him; or he might not have sold the same kind of books with, the defendant, so that the defendant’s custom might be but little or nothing affected — or the demand might be so great that both could not supply the market — ■ or the plaintiff might, by any thing whieb appears in the plea, before action brought, have broken his agreement but a short period. It is well settled that damages, or sums uncertain and unliquidated, cannot be pleaded by way of discount, Such was the demand attempted here. There is no stipulation in the agreement set forth, that if the plaintiff broke the agreement he was to restore the precise sum of three hundred dollars which he had received. Of course, for the breach, he was to pay what damages the plaintiff might sustain thereby We would not be understood to say, that it was not competent for the parties themselves to liquidate, by their own agreement, these damages to d sum innúmero, so that it might be pleaded or set off. But we apprehend that the plaintiff’s second and fourth pleas states no such case, but rests on the mistaken legal assumption, that the plaintiff became liable to restore the *35 precise sura by the breach, and that, being so liable, he as-suuied to pay it. The assumpsit which the plea alledges he Biade, might be sustained by the evidence of an implied, and not an express assumpsit; and such an a§suqipsit, so implied, could not liquidate the damages.
Anassump-¡f ¡,⅛⅜ ed to have cru"l debt,
A plea in w¡ien t¡J'e 5 matter set forth bars on-notgood.’ ⅛
As to the third plea, an objection is taken to it, that it states that the plaintiff was indebted at the time of issuing tbe process, and aiterwards recites, that he assumed to pay it before suit commenced, and that of course the assumption was before the debt accrued, in which case the promise would be void: — Or, it is contended that its meaniug is, that the plaintiff was indebted, at the issuing of the writ, and assumed afterwards, in which case the demand could not be set off Although we are not much disposed to favor inaccuracies in pleading, where we can reach their defect which amount tp substance, yet we cannot, giving this plea a liberal construction, sustain the objection as substantial. The alledging the debt from the plaintiff to exist at the emanation of the process, does not negative the idea that it existed before, and the subsequent assumpsit ajledged, in consideration of becoming indebted, is stated expressly to be before the commencement of suit. So that, giving the whole pieá a fair construction, it may, without torturing it, be construed ta set up a defence existing before suit brought.
But there is another objection to this plea, which must be adjudged fatal. It purports to be, and is set up as ⅜ bar to the whole action. The note, on which the suit ⅜⅞ founded, is for six hundred and forty-nine dollars and thirteen cents; and the sum pleaded does not amount to the note. This objection lies with equal force against all the pleas. The defendant commences them all by alledging “That the plaintiff his action aforesaid against him ought not to have and maintain, because, &c.” He then sets forth and relies on the matter as a bar. The rule ig too Well settled to need authority now to be quoted to support it, that a plea, which purports to go to the whole action, must contain a good defence to the whole; and that if in its matter it only goes to ⅝ part, it must be specially pleaded to that part vvithout gainsaying the residue, and state that as to so much, or such a part the plaintiff cannot sustain his action; so that, consistent with the record, the plaintiff may take judgment for what remains. This rule *36 completely overturns all the plea», and the court did right in overruling them
Pope tur appellant, Crane for appellee.
Tht judgment must be affirmed with damages and costs.